IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| BERNICE MUHAMMAD, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION 13-0617-WS-M |
| | ) |
| HSBC BANK USA, NA, *et al.*, | ) |
| | ) |
| Defendants. | ) |

**ORDER**

This matter comes before the Court on *pro se* plaintiff's filing styled "Plaintiff Challenging the Magistrate Judge's Certification Order & Recusal Order" (doc. 8).

**I. Relevant Background.**

In December 2013, plaintiff Bernice Muhammad, proceeding *pro se*, commenced this action in federal court by filing a 61-page typewritten Complaint (along with 86 pages of accompanying exhibits) against a sweeping collection of defendants, including HSBC Bank USA, N.A., Merrill Lynch & Co., Merrill Lynch Mortgage Investors Inc., Option One Mortgage Corporation, American Home Mortgage Servicing, Inc., Law Firm of Sirote & Permutt, P.C., Jeffery G. Miller, George C. Gaston, Juan Ortega, Shaun K. Ramey, JoJo Schwarzauer (Clerk of Mobile County Circuit Court), Charles M. Lewis, Jr. (Deputy Clerk of Mobile County Circuit Court), Carolyn Carter (Appeals Clerk of Mobile County Circuit Court), Mobile County Sheriff's Office, Sheriff Sam Cochran, Deputy Robert Boykin, and "Drug Task Force of Deputy Dinkins & His Entire Task Force Deputies." The Complaint covers a variety of topics, including Muhammad's mortgage loan, foreclosure proceedings, and a purported "illegal Search and Seizure on June 20, 2013" by the law enforcement defendants.[1]

---

[1] Muhammad is no stranger to this District Court. Indeed, records maintained by the Clerk's Office confirm that she has filed four previous *pro se* lawsuits in this District Court, including three specifically concerning the mortgage loan and/or foreclosure proceedings at issue here. *See Muhammad v. U.S. Department of Justice, Bureau of ATF*, Civil No. 06-0220-CG-B; (Continued)

Contemporaneously with her Complaint, Muhammad filed a Motion to Proceed without Prepayment of Fees (doc. 2); however, that Motion was not submitted on the proper form, and was devoid of necessary detail to corroborate her claims of indigence, and thus her eligibility to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(a)(1). On January 6, 2014, Magistrate Judge Milling entered an Order (doc. 3) denying Muhammad's first IFP Motion because it was not on the correct form and directing her to complete and file the proper form on or before February 3, 2014. The January 6 Order cautioned Muhammad that "failure to comply with this Order with the prescribed time … will result in the dismissal of this action for failure to prosecute and to obey the Court's Order." (Doc. 3, at 1.)

On January 13, 2014, Muhammad filed her second Motion to Proceed without Prepayment of Fees (doc. 4), this time on the designated form. However, this second IFP Motion was puzzling and unhelpful in many respects, such as Muhammad's assertion that she had received more than $32,000 in business, professional or self-employment income in the previous 12 months; and her representation that she is "homeless" even as she purports to own a four-bedroom house in Mobile, Alabama. On April 9, 2014, Magistrate Judge Milling entered an Order (doc. 5) denying this second IFP Motion because the aforementioned discrepancies (among others) show that her IFP Motion "does not convey her complete financial picture." (Doc. 5, at 1.) The April 9 Order documented the inconsistencies in plaintiff's filing and spelled out the areas in which greater information was needed. The April 9 Order gave Muhammad a deadline of April 30, 2014 to submit "a *properly completed* third motion to proceed without prepayment of fees on the Court's form for said motion," including "the financial information needed to show her complete financial picture at the time of filing." (Doc. 5, at 2.) Judge Milling cautioned Muhammad that if she failed to file a compliant third motion in a timely manner, she would be denied *in forma pauperis* status and would be required to pay the filing fee (as she had done in connection with each of her prior lawsuits in this District Court).[1]

---

[1] *Muhammad v. HSBC Bank USA, N.A.*, Civil No. 09-0053-KD-N; *Muhammad v. HSBC Bank USA, N.A., et al.*, Civil No. 10-0054-CG-B; and *Muhammad v. Option One Mortgage Corporation, et al.*, Civil No. 10-0096-SC-M. Court records confirm that all of these previous lawsuits were resolved unfavorably to Muhammad. Nonetheless, her considerable prior experience as a *pro se* litigant in this District Court is a factor considered by the undersigned in evaluating her acts and omissions in this case, as set forth *infra*.

In the April 9 Order, Judge Milling also performed an initial screening of plaintiff's Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B). Specifically, he found that the sprawling, unfocused and often conclusory pleading did not comport with the "short and plain statement" requirement of Rule 8(a), Fed.R.Civ.P., and observed that Muhammad had "neglected to plead any facts that would lead the Court to discern a plausible claim based on her extensive allegations. The Complaint is almost totally absent of specific concrete facts." (Doc. 5, at 8.) The April 9 Order further pointed out that Mohammad's Complaint relied on "conclusions, legal conclusions, and legal terms throughout without facts to support them," thereby depriving the Court and defendants of "fair notice of what the Plaintiff's claim is against *each* Defendant." (*Id.*) On that basis, the April 9 Order specifically ordered Muhammad "on or before **April 30, 2014**, to file her first amended complaint that complies with Rule 8(a) and the directives of this Order." (*Id.* at 10.) In deference to Muhammad's *pro se* status, the April 9 Order furnished her with detailed guidance and parameters for the content, length, format, facts and jurisdictional allegations that her amended pleading must contain. (*Id.* at 10-14.) By doing so, Magistrate Judge Milling effectively provided Muhammad with a comprehensive road map for how to go about correcting the myriad pleading deficiencies that rendered her original Complaint unacceptable under applicable law and procedural rules.

Confronted with clear instructions about the necessity that she resubmit her IFP petition and amend her Complaint to conform to applicable pleading rules, Muhammad elected to ignore them. She made no attempt to comply. Instead, she went on the offensive. On April 28, 2014, Muhammad filed a document styled "In Respones [*sic*] to Hon. Bert W. Milling, Jr., United States Magistrate Judgs [*sic*]" (doc. 6). In this Response, Muhammad referenced previous lawsuits and events that occurred in separate court proceedings back in 2010, then declared that Magistrate Judge Milling's rulings "are Void Order's [*sic*] and has no effect on the Complaint filed by Plaintiff Muhammad." (Doc. 6, at 2.) Muhammad demanded that "this District Court and Clerk's [*sic*] and Judges, RECUSE THEMSELVES'S [*sic*]" from further involvement in this litigation. (*Id.*) She alleged unspecified "serious misconduct by the Court" and defiantly stated, "I will not ask again" for leave to proceed without prepayment of costs. (*Id.* at 3.) Elsewhere in this extraordinary filing, Muhammad impugned "the integrity of the Court," referred to an unspecified "fraud perpetrated by officers of the Court," and alleged that "this District Court has perpetrated **Fraud** in all of the Cases in which has come before it as to Bernice Muhammad."

(*Id.*)  In conclusion, Muhammad requested that all judges in this District Court recuse themselves from further participation in this litigation.  (*Id.* at 4.)

On July 8, 2014, Magistrate Judge Milling entered an Order (doc. 7) denying plaintiff's construed motion for recusal.  That Order correctly identified and applied the standard for judicial disqualification pursuant to 28 U.S.C. § 455, and concluded that there was no basis for recusal in this action.  Yet plaintiff remains unsatisfied.  Rather than undertaking to comply with the April 9 Order, Muhammad has filed a document styled "Plaintiff Challenging the Magistrate Judge's Certification Order & Recusal Order" (doc. 8).  In this latest filing, Muhammad insists that all of Magistrate Judge Milling's rulings in this case are void, opines that the undersigned must recuse himself from further involvement in these proceedings based on her dissatisfaction with rulings entered in her previous federal cases, and demands appointment of "an outside District Court Judge and Magistrate Judge for this Lawsuit."  (Doc. 8, at 4.)

**II.    Analysis.**

   *A.    Plaintiff's Motion for Recusal.*

Amidst her lengthy history of unsuccessful federal lawsuits against her mortgage lender and others, Muhammad once had occasion to sue the undersigned.  It all started in January 2010, when Muhammad (again proceeding without a lawyer) filed a Complaint and Motion for Temporary Restraining Order in a civil case on the undersigned's docket, styled *Bernice Muhammad v. HSBC Bank USA, National Association, et al.*, Civil No. 10-0054-WS-B.  The request for temporary restraining order embedded in that Complaint related to foreclosure proceedings on Muhammad's residence.  This Court acted promptly on Muhammad's request for TRO, and conducted a hearing on February 3, 2010, just five (5) days after she commenced the lawsuit.  Following that hearing, the undersigned entered a written order in Civil No. 10-0054, denying Muhammad's request for temporary restraining order because she had failed to show a substantial likelihood of success on the merits, inasmuch as evidence presented at the hearing showed what appeared to be a valid assignment of mortgage to the defendant, thereby undercutting plaintiff's theory that no assignment had occurred.  Plaintiff's other arguments presented at the TRO hearing were considered and rejected by the undersigned in the February 3, 2010 ruling.

Muhammad demonstrated her unhappiness with this Court's TRO ruling by filing another lawsuit barely three weeks later, styled *Bernice Muhammad v. HSBC Bank USA, N.A., et al.*,

Civil No. 10-0096-SC-M, in which she named the undersigned as one of numerous defendants. Muhammad's claims against the undersigned included allegations that by denying her request for TRO in Civil No. 10-0054, this Court "violated the plaintiff' [*sic*] civil rights under 42 U.S.C. § 1985(3) & 1986 ... specifically to cheat the plaintiff." (Civil No. 10-0096, at doc. 2, p. 7.) Once Muhammad filed suit against the undersigned, this Court promptly recused itself from further involvement with Civil No. 10-0054, which was then transferred to the docket of U.S. District Judge Callie V.S. Granade. Both of those lawsuits were dismissed more than four years ago. Specifically, in Civil No. 10-0054, Judge Granade dismissed Muhammad's claims via order and judgment dated June 22, 2010. And in Civil No. 10-0096, U.S. District Judge Coogler of the Northern District of Alabama (sitting by designation) dismissed all of Muhammad's claims against the undersigned, the other four federal judges she sued, and all other named defendants via orders granting the defendants' motions to dismiss on July 6, 2010.

This Court has had no further, other or different involvement with Muhammad in the last four years. Nonetheless, she now lashes out with a host of reckless, patently false accusations, such as that "Judge Steele would be a potential fact witness" in this case, that "Judge Steele, did not take adhere to his judicial responsibilities" in denying her motion for TRO in Civil No. 10-0054, that this Court participated in a "coverup" and "continues to obstruct justice" and so on. (Doc. 8, at 2-3.) Plaintiff is wrong. Four and a half years ago, this Court held a hearing on a motion for temporary restraining order that Muhammad filed in another case. Via written order issued on the same date as that hearing, the Court denied the request for TRO and explained precisely how Muhammad had failed to meet her burden under Rule 65 and why her arguments at the hearing were unavailing. The issue presented by Muhammad was not a close question, and plaintiff's legal and factual showing was so woefully inadequate that no reasonable jurist could have reached a contrary conclusion. The Court understands that Muhammad disagrees with that February 2010 ruling. But her dissatisfaction in no way compels or even favors recusal of the undersigned today. *See, e.g., United States v. Amedeo*, 487 F.3d 823, 828 (11th Cir. 2007) ("judicial rulings alone almost never constitute a valid basis for a bias or partiality motion" and

"opinions held by judges as a result of what they learned in earlier proceedings do *not* constitute bias or prejudice") (citations and internal quotation marks omitted).[2]

Plaintiff's other arguments for recusal may be just as easily dispatched. "A motion to recuse … is not intended to give litigants a veto power over sitting judges, or a vehicle for obtaining a judge of their choice." *White v. National Football League*, 585 F.3d 1129, 1138 (8th Cir. 2009) (citation and internal quotation marks omitted). And of course, "the recusal statutes should not be used to protest court orders or to circumvent court procedures with which litigants disagree." *United States v. Cooper*, 283 F. Supp.2d 1215, 1224 (D. Kan. 2003). That is precisely what plaintiff is doing here. Contrary to Muhammad's suggestion, the undersigned is obviously not a fact witness in this case. This Court had no involvement with the underlying mortgage loan, foreclosure proceedings, or alleged seizure, and knows nothing about any of these events aside from what it has read in the court file or heard in the February 3, 2010 motion hearing. Knowledge of the case derived from presiding over earlier litigation in no way requires recusal. *See, e.g., Christo v. Padgett*, 223 F.3d 1324, 1334 (11th Cir. 2000) ("The mere fact of having presided over previous criminal or civil trials involving the same parties does not mandate recusal from all future litigation involving those parties."); *Jaffe v. Grant*, 793 F.2d 1182, 1189 n.4 (11th Cir. 1986) ("Factual knowledge gained during earlier participation in judicial proceedings involving the same party is not sufficient to require a judge's recusal."). Nor does the fact that Muhammad brought a frivolous lawsuit against the undersigned (along with four other judges and more than a dozen other defendants) that was dismissed more than four years ago automatically disqualify this Court from presiding over any lawsuit involving Muhammad ever again. *See, e.g., United States v. Grismore*, 564 F.2d 929, 933 (10th Cir. 1977) ("A judge is not disqualified merely because a litigant sues or threatens to sue him.").[3] The

---

[2] *See also Loranger v. Stierheim*, 10 F.3d 776, 780 (11th Cir. 1994) ("as a general rule, a judge's rulings in the same case are not valid grounds for recusal"); *Kante v. Countrywide Home Loans*, 2011 WL 2420054, *4 (11th Cir. June 16, 2011) ("As a judge's rulings generally are not valid grounds for recusal, the court did not abuse its discretion in denying the motion.").

[3] *See also Azubuko v. Royal*, 443 F.3d 302, 304 (3rd Cir. 2006) ("the mere fact that Judge Hochberg may be one of the numerous federal judges that Azubuko has filed suit against is not sufficient to establish that her recusal from his case is warranted"); *In re Taylor*, 417 F.3d 649, 652 (7th Cir. 2005) ("There is no rule that requires a judge to recuse himself from a case, civil or criminal, simply because he was or is involved in litigation with one of the parties.");
(Continued)

Court's decision to recuse from Case No. 10-0054 in March 2010 when Muhammad brought an active lawsuit against him was not intended (and did not operate) as a permanent disqualification forevermore from any suit that she might bring, even years in the future.

The bottom line is simple. Notwithstanding the fact that Muhammad sued this Court and several other judges four years ago, and notwithstanding her propensity to engage in name-calling and unfounded scurrilous attacks against the undersigned, this Court concludes that no objective, disinterested lay observer, fully informed of the facts underlying Muhammad's accusations, would entertain significant doubt about the impartiality of the undersigned. Therefore, disqualification is not appropriate under 28 U.S.C. § 455(a). Plaintiff's Motion for Recusal is **denied**.

### B. *Plaintiff's Pattern of Misconduct and Disregard of Reasonable Orders.*

Having resolved plaintiff's frivolous demands for recusal, the Court now turns to the subject of Muhammad's pattern of noncompliance with proper, lawful judicial directives, and the resulting procedural morass she has created for herself.

#### 1. *Motion to Proceed without Prepayment of Fees and Costs.*

To recapitulate, back on April 9, 2014, Magistrate Judge Milling ordered Muhammad to resubmit her petition for *in forma pauperis* status on or before April 30, 2014, and to set forth the necessary information to provide a complete overview of her financial status and her purported inability to pay the applicable filing fee. The April 9 Order provided specifics of the kinds of information that were needed and the ways in which Muhammad's previous IFP filings were inadequate. Moreover, the April 9 Order explained that if Muhammad neglected to supplement /

---

*United States v. Studley*, 783 F.2d 934, 940 (9th Cir. 1986) ("A judge is not disqualified by a litigant's suit or threatened suit against him, … or by a litigant's intemperate and scurrilous attacks."); *Cuyler v. Aurora Loan Services, LLC*, 2012 WL 10488184, *1 n.2 (11th Cir. Dec. 3, 2012) ("It has long been established that a party cannot force a judge to recuse himself by engaging in personal attacks on the judge. … Moreover, a litigant's actual or threatened lawsuit against a judge is not grounds for disqualification.") (citations and internal marks omitted); *Jones v. City of Buffalo*, 867 F. Supp. 1155, 1163 (W.D.N.Y. 1994) ("In my view, this tactic of suing federal judges and then seeking their disqualification is nothing more than a tactic to delay and frustrate the orderly administration of justice. Judges should not be held hostage to this kind of tactic and automatically recuse themselves simply because they or their fellow judges on the court are named defendants in a truly meritless lawsuit.") (citation omitted).

correct her IFP application, she would be required to pay the full filing fee (as she had done in her previous federal lawsuits). In response, Muhammad did nothing. She did not pay the filing fee. She did not file a supplemental motion to proceed without prepayment of fees and costs, to provide the necessary information to support her request. In fact, she effectively thumbed her nose at this directive by declaring, "I will not ask again" for IFP status. (Doc. 6, at 3.) Nor did she timely appeal from or object to the April 9 Order in the manner provided by applicable law; rather, Muhammad waited more than four months to articulate dissatisfactions with that Order.

Instead of correcting these glaring deficiencies with her IFP submissions or timely filing objections, Muhammad challenges the Magistrate Judge's authority to require her to supplement her IFP submission. Even if her objections were timely presented (which they are not), plaintiff is wrong. Pursuant to 28 U.S.C. § 636(b)(1)(A), Rule 72(a), Fed.R.Civ.P., and Local Rule 72.2(c)(1), magistrate judges are authorized to review non-dispositive motions and issue rulings relating to same. To be sure, Magistrate Judge Milling was not empowered to dismiss the Complaint. But that is not what he did. Instead, he pointed out defects in Muhammad's IFP application and instructed her to remedy such inconsistencies and omissions.[4] The Court is aware of no statute, rule or case law that would preclude a magistrate judge from taking such action, much less empower a litigant to ignore such an Order if she does not like its contents. In short, plaintiff defied those judicial directives at her peril.

---

[4] The Court recognizes a line of authority suggesting that magistrate judges cannot deny IFP motions where doing so is tantamount to involuntary dismissal of a lawsuit. *See Woods v. Dahlberg*, 894 F.2d 187 (6th Cir. 1990) ("Although section 636(b)(1)(A) does not specifically reference a motion to proceed *in forma pauperis*, we conclude that a denial of such a motion is the functional equivalent of an involuntary dismissal and is outside the scope of a magistrate's authority."). Those cases are distinguishable because (i) the April 9 Order did not purport to dismiss Muhammad's lawsuit, nor was it the functional equivalent of an involuntary dismissal; (ii) that line of decisions does not concern situations in which the magistrate judge provides specific instructions for the litigant to take corrective measures, which the litigant then disregards; (iii) any objection to Judge Milling's handling of the IFP issue should have been made within 14 days, but was not; and (iv) the issue here is not Judge Milling's denial of the IFP application, but plaintiff's failure to comply with his directives to supplement and correct her submission. Those directives were entirely appropriate and proper under the circumstances. *See, e.g., Kareem v. Home Source Rental*, 986 F. Supp.2d 1345, 1346 (S.D. Ga. 2013) ("Wary of such claims [of zero income, zero savings and a single asset] and cognizant of how easy one may consume a public resource with no financial skin in the game, the Court has demanded supplemental information from dubious IFP movants.") (citation and footnotes omitted).

So now, here we are, more than seven months into the lifespan of this lawsuit. The plaintiff has not paid the $400 filing fee prescribed by 28 U.S.C. § 1914 and the District Court Miscellaneous Fee Schedule. She has not filed a viable, meritorious petition under 28 U.S.C. § 1915 for *in forma pauperis* status.[5] Despite instructions as to the specific information she must furnish to allow the Court to evaluate her claims of indigence, Muhammad has failed and refused to comply. Accordingly, the undersigned is of the opinion after *de novo* review that plaintiff's IFP applications (docs. 2 & 4) are properly **denied**,[6] and that this action should be **dismissed without prejudice** for failure to pay the required filing fee or to submit a valid, properly supported motion to proceed without prepayment of fees and costs.

        2.     *Inadequacy of Complaint.*

Setting aside the filing fee issue, dismissal of this action is also appropriate because of Muhammad's failure to satisfy basic federal pleading standards. The Federal Rules of Civil Procedure require that a complaint "must contain … a short and plain statement of the claim showing that the pleader is entitled to relief." Rule 8(a)(2), Fed.R.Civ.P. The point is that the complaint "must give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Randall v. Scott*, 610 F.3d 701, 705 (11th Cir. 2010). To meet this burden, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face," so as to "nudge[] [her] claims across the line from conceivable to plausible." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S.

---

[5] For example, plaintiff states in her IFP motion that her income over the last 12 months from business, profession or other forms of self-employment was $32,360, but she offers no inkling why (given that level of income) she is unable to pay the filing fee in this case, particularly where she had paid that fee in her previous lawsuits. Simply put, the information supplied by Muhammad to date does not demonstrate that "the litigant, because of [her] poverty, is unable to pay for the court fees and costs, and to support and provide necessities for [herself] and [her] dependents." *Martinez v. Kristi Kleaners, Inc.*, 364 F.3d 1305, 1307 (11th Cir. 2004).

[6] *See, e.g., Lister v. Department of Treasury*, 408 F.3d 1309, 1313 (10th Cir. 2005) ("We conclude that the district court did not abuse its discretion in denying IFP status after Lister, having been specifically instructed on how to establish indigent status, failed to fill out the proper forms or to otherwise provide the district court with the requisite information.") (citation omitted).

662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) (citation omitted). "This necessarily requires that a plaintiff include factual allegations for each essential element of his or her claim." *GeorgiaCarry.Org, Inc. v. Georgia*, 687 F.3d 1244, 1254 (11th Cir. 2012). Thus, minimum pleading standards "require[] more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555.

A *pro se* litigant such as Muhammad "is not exempt from that requirement simply because [s]he is proceeding without a lawyer." *Braxter v. Ballard*, 2014 WL 1364508, *1 (S.D. Ala. Apr. 7, 2014); *Williams v. Taylor*, 2010 WL 2025382, *3 (S.D. Ala. Apr. 26, 2010) ("a *pro se* litigant's allegations must meet the *Twombly* standard of plausibility"). To be sure, the pleadings of *pro se* litigants are entitled to "liberal construction," but they still must "conform to procedural rules." *Albra v. Advan, Inc.*, 490 F.3d 826, 829 (11th Cir. 2007) (citation omitted). Muhammad's Complaint falls well short of fundamental *Twombly* / *Iqbal* pleading requirements. As Magistrate Judge Milling pointed out in his April 9 Order, Muhammad's Complaint "neglected to plead any facts that would lead the Court to discern a plausible claim …. The Complaint is almost totally absent of specific concrete facts." (Doc. 5, at 8.) "Plaintiff uses conclusions, legal conclusions, and legal terms throughout without facts to support them," providing neither the defendants nor this Court with "fair notice of what the Plaintiff's claim is against *each* Defendant." (*Id.*) Thus, Muhammad's initial pleading does not comply with the *Twombly* / *Iqbal* pleading standard, and it does not satisfy the minimum requirements prescribed by Rule 8(a)(2).

Ordinarily, a plaintiff in Muhammad's situation is entitled to an opportunity to amend her complaint to correct *Twombly* pleading deficiencies.[7] She has already received just such an opportunity; indeed, the April 9 Order spelled out in considerable detail what was wrong with the Complaint and how Muhammad could fix it, giving her a deadline of April 30 to file an appropriate amended pleading. The April 9 Order provided that "Plaintiff is **ORDERED** on or

---

 7  *See Bryant v. Dupree*, 252 F.3d 1161, 1163 (11th Cir. 2001) ("where a more carefully drafted complaint might state a claim, a plaintiff must be given at least one chance to amend the complaint before the district court dismisses the action with prejudice"); *Jemison v. Mitchell*, 2010 WL 2130624, *2 (11th Cir. May 27, 2010) ("When it appears that a *pro se* plaintiff's complaint, if more carefully drafted, might state a claim, the district court should give the *pro se* plaintiff an opportunity to amend his complaint instead of dismissing it with prejudice.").

before **April 30, 2014**, to file her first amended complaint that complies with Rule 8(a) and the directives of this Order." (Doc. 5, at 10.) Muhammad elected to ignore this Order. She never attempted to amend her pleading to conform it to the requirements of Rule 8(a) and the *Twombly / Iqbal* line of decisions. Having squandered the opportunity to remediate the defects in her Complaint back in April, Muhammad will not be granted a second bite at the apple now.[8] This is particularly true where she was warned that "failure to comply with this Order within the prescribed time by not filing a first amended complaint that complies with Rule 8(a) … will result in the dismissal without prejudice of this action." (Doc. 5, at 15.) Plaintiff chose to disregard this warning, and now she must face the consequences. Accordingly, this action is **dismissed without prejudice** based on plaintiff's failure to satisfy fundamental federal pleading requirements as set forth in Rule 8(a) and the *Twombly / Iqbal* line of precedents.[9]

        3.       *Dismissal as a Sanction for Non-Compliance with Court Orders.*

As discussed above, the Complaint is properly dismissed without prejudice at this time for the distinct, independent reasons that (i) Muhammad has failed to pay the filing fee and has refused to submit a completed motion for *in forma pauperis* status despite being ordered to do so; and (ii) the Complaint is devoid of necessary factual content to state a plausible claim for relief within the meaning of *Twombly / Iqbal*, and Muhammad has failed and refused to amend her pleading. Dismissal is warranted for a third reason, as well, namely as a sanction for plaintiff's chronic noncompliance with court orders.

The law is clear in this Circuit that "[a] district court need not tolerate defiance of reasonable orders." *Equity Lifestyle Properties, Inc. v. Florida Mowing and Landscape Service, Inc.*, 556 F.3d 1232, 1240 (11th Cir. 2009). In that regard, district courts possess inherent power to sanction errant litigants appearing before them. *See Eagle Hosp. Physicians, LLC v. SRG*

---

[8] *See generally Knapp v. Hogan*, 738 F.3d 1106, 1110 (9th Cir. 2013) ("When a litigant knowingly and repeatedly refuses to conform his pleadings to the requirements of the Federal Rules, it is reasonable to conclude that the litigant simply cannot state a claim.").

[9] It is no answer to suggest, as Muhammad does, that the April 9 Order was improperly issued because the Magistrate Judge lacked jurisdiction to do anything in this case without her consent. Contrary to Muhammad's position, Magistrate Judge Milling was authorized by 28 U.S.C. § 636(b)(1)(A), Rule 72(a) and Local Rule 72.2(c)(1) to perform an initial screening of plaintiff's Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B), to identify defects in that pleading and to set a deadline for her to correct same via amended complaint.

*Consulting, Inc.*, 561 F.3d 1298, 1306 (11th Cir. 2009) ("A court may impose sanctions for litigation misconduct under its inherent power."); *Martin v. Automobili Lamborghini Exclusive, Inc.*, 307 F.3d 1332, 1335 (11th Cir. 2002) ("Courts have the inherent authority to control the proceedings before them, which includes the authority to impose 'reasonable and appropriate' sanctions."). Such power unquestionably includes the authority to dismiss a party's claims "for failure to prosecute with reasonable diligence or to comply with [the court's] orders or rules of procedure." *Wahl v. McIver*, 773 F.2d 1169, 1174 (11th Cir. 1985); *see also Equity Lifestyle*, 556 F.3d at 1240 ("The court may dismiss a claim if the plaintiff fails to prosecute it or comply with a court order."); *Gratton v. Great American Communications*, 178 F.3d 1373, 1374 (11th Cir. 1999) (observing that Rule 41(b), Fed.R.Civ.P., expressly "authorizes a district court to dismiss a complaint for … failure to comply with a court order").

Notwithstanding the availability of such a sanction, the Eleventh Circuit has cautioned that dismissal of an action for failure to prosecute should be undertaken "only in the face of a clear record of delay or contumacious conduct by the plaintiff." *McKelvey v. AT & T Technologies, Inc.*, 789 F.2d 1518, 1520 (11th Cir. 1986); *see also Betty K Agencies, Ltd. v. M/V MONADA*, 432 F.3d 1333, 1337-38 (11th Cir. 2005) (dismissal with prejudice "is an extreme sanction that may be properly imposed *only* when (1) a party engages in a clear pattern of delay or willful contempt (contumacious conduct); and (2) the district court specifically finds that lesser sanctions would not suffice") (citations and internal quotation marks omitted). Contumacious conduct warranting dismissal for failure to prosecute includes such activities as "protracted foot-dragging," "defiance of court orders," "ignoring warnings," and "wasteful expenditure of the court's time." *Chamorro v. Puerto Rican Cars, Inc.*, 304 F.3d 1, 4-5 (1st Cir. 2002). All of these factors are present in this case.

Some four months ago, Magistrate Judge Milling notified Muhammad that she needed to supplement her IFP petition or pay the full $400 filing fee. The same April 9 Order instructed Muhammad to file an amended complaint to correct certain specifically enumerated deficiencies, and admonished her that this action would be dismissed if she did not comply. Yet Muhammad did not supplement her motion to proceed without prepayment of fees, but instead expressed outright refusal to do so. She did not pay the filing fee. She did not amend her complaint. She did not file timely objections to the April 9 Order or seek reconsideration or review of same. She did not do anything other than hurl meritless jurisdictional challenges against the judge who

-12-

entered the April 9 Order, demand the recusal of all judicial officers involved in this case, and announce her assessment that the April 9 Order was "void" and "has no effect on the Complaint filed by Plaintiff Muhammad." (Doc. 6, at 2.) Plaintiff is wrong. More importantly, her disregard of reasonable court orders was wholly without factual or legal basis. Muhammad's foot-dragging, defiance of reasonable orders, refusal to heed admonitions of the consequences of non-compliance, and frivolous attacks on the authority of the undersigned and Magistrate Judge Milling to preside over this matter are exactly the sort of contumacious conduct warranting the harsh sanction of dismissal. This case has been pending for more than seven months, yet plaintiff has resisted the most elementary steps of initiating federal civil litigation. She has not paid the filing fee, has not submitted a viable IFP motion, and has not filed a complaint that satisfies basic pleading standards (including a proper jurisdictional allegation as to many of her claims), even after being prompted (and, indeed, ordered) to do so.

Under the circumstances, the Court finds that lesser sanctions will not suffice, and is left with no reasonable alternative but to dismiss Muhammad's claims for failure to prosecute and for failure to abide by the orders of this Court. Accordingly, this action is **dismissed without prejudice** pursuant to Rule 41(b), Fed.R.Civ.P.

**III.    Conclusion.**

For all of the foregoing reasons, it is **ordered** as follows:

1. Plaintiff's Motion "Challenging the Magistrate Judge's Certification Order & Recusal Order" (doc. 8) is **denied**;

2. This action is **dismissed without prejudice** for plaintiff's failure to pay the applicable filing fee or to file a properly supported motion for leave to proceed without prepayment of fees and costs;

3. Alternatively, this action is **dismissed without prejudice** because the Complaint fails to state a plausible claim for relief or otherwise to comport with Rule 8(a), and plaintiff has rejected a reasonable opportunity to correct the identified pleading defects;

4. Alternatively, this action is **dismissed without prejudice** as a sanction under the inherent powers of this Court, based on plaintiff's failure to prosecute, her clear record of delay and contumacious conduct, and her defiance of reasonable court orders; and

5. A separate judgment will enter.

DONE and ORDERED this 6th day of August, 2014.

                                                s/ WILLIAM H. STEELE
                                                CHIEF UNITED STATES DISTRICT JUDGE